UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
======================================X
BEVERLY VAN GUNDY,

                        Plaintiff,

      -against-

ATLAS RARE COINS, INC., TRI-STATE
ASSETS, LLC, CHRISTIAN ANTONELLI,
and JASON SULLIVAN,

                        Defendants.
======================================X

Docket No.:  2:23-cv-02072
                (GRB)(JMW)

**ANSWER**

**Answering Defendants Demand a Trial by Jury**

Defendants, CHRISTIAN ANTONELLI ("Antonelli") and C.A. RARITIES, INC. d/b/a TRI-STATE ASSETS i/s/a TRI-STATE ASSETS, LLC[1] ("C.A. Rarities") (collectively, "Answering Defendants"), by their attorneys The Russell Friedman Law Group, LLP, as and for an Answer to Plaintiff's Complaint ("Complaint"), allege as follows:

1.     Deny the allegations pertaining to Answering Defendants contained in paragraph 1 of the Complaint except admit that Antonelli owns C.A. Rarities, a dealer of collectible items, including coins and deny knowledge or information sufficient to determine the truth of the remaining allegations.

2.     Deny the allegations contained in paragraph 2 of the Complaint pertaining to Answering Defendants and deny knowledge or information sufficient to determine the truth of the remaining allegations.

3.     Deny the allegations contained in paragraph 3 of the Complaint pertaining to Answering Defendants and deny knowledge or information sufficient to determine the truth of the remaining allegations.

---

[1] Throughout the Complaint, Plaintiff variously refers to Tri-State Assets, LLC, Tri-State Assets, Inc., and Tri-State Assets.

4. Deny the allegations contained in paragraph 4 of the Complaint pertaining to Answering Defendants and deny knowledge or information sufficient to determine the truth of the remaining allegations.

5. Deny the allegations contained in paragraph 5 of the Complaint pertaining to Answering Defendants and deny knowledge or information sufficient to determine the truth of the remaining allegations.

6. Deny the allegations contained in paragraph 6 of the Complaint.

7. Deny the allegations contained in paragraph 7 of the Complaint pertaining to Answering Defendants and deny knowledge or information sufficient to determine the truth of the remaining allegations.

8. Deny the allegations contained in paragraph 8 of the Complaint pertaining to Answering Defendants and deny knowledge or information sufficient to determine the truth of the remaining allegations.

9. Deny the allegations contained in paragraph 9 of the Complaint pertaining to Answering Defendants, except admit they reside and conduct business in New York, deny knowledge or information sufficient to determine the truth of the remaining factual allegations and, refer all issues of law to the Court.

10. Deny the allegations contained in paragraph 10 of the Complaint pertaining to Answering Defendants, except admit they reside and conduct business in the Eastern District of New York, deny knowledge or information sufficient to determine the truth of the remaining factual allegations and refer all issues of law to the Court.

11. Deny knowledge or information sufficient to determine the truth of the allegations contained in paragraph 11 of the Complaint.

12. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint except admit that C.A. Rarities is owned by Antonelli and does business as Tri-State Assets at 90-7 Collin Drive, Holbrook, New York 11741.

14. Deny the allegations contained in paragraph 14 of the Complaint except admit Antonelli resides at 7 Francis Street, East Setauket, New York and owns C.A. Rarities which does business as Tri-State Assets.

15. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 15 of the Complaint.

16. Deny the allegations pertaining to Answering Defendants contained in paragraph 16 of the Complaint except admits C.A. Rarities markets and sells, inter alia, collectible numismatic, semi-numismatic and bullion coins and is owned by Antonelli.

17. Deny the allegations pertaining to Answering Defendants contained in paragraph 17 of the Complaint and deny knowledge or information sufficient to form a belief as to the remaining allegations.

18. Deny the allegations pertaining to Answering Defendants contained in paragraph 18 of the Complaint and deny knowledge or information sufficient to form a belief as to the remaining allegations.

19. Deny the allegations pertaining to Answering Defendants contained in paragraph 19 of the Complaint and deny knowledge or information sufficient to form a belief as to the remaining allegations.

20. Deny the allegations pertaining to Answering Defendants contained in paragraph 20 of

the Complaint and deny knowledge or information sufficient to form a belief as to the remaining allegations.

21. Deny the allegations pertaining to Answering Defendants contained in paragraph 21 of the Complaint and deny knowledge or information sufficient to form a belief as to the remaining allegations.

22. Deny the allegations pertaining to Answering Defendants contained in paragraph 22 of the Complaint and deny knowledge or information sufficient to form a belief as to the remaining allegations.

23. Deny the allegations regarding Answering Defendants in paragraph 23 of the Complaint and deny knowledge or information sufficient to form a belief as to the remaining allegations.

24. Deny the allegations regarding Answering Defendants contained in paragraph 24 of the Complaint.

25. Deny the allegations regarding Answering Defendants contained in paragraph 25 of the Complaint.

26. Deny the allegations regarding Answering Defendants contained in paragraph 26 of the Complaint.

27. Deny the allegations regarding Answering Defendants contained in paragraph 27 of the Complaint except admit that C.A. Rarities, Inc. sold coins to Plaintiff.

28. Deny the allegations regarding Answering Defendants contained in paragraph 28 through 28.91 of the Complaint except admit that C.A. Rarities, Inc. sold coins to Plaintiff.

29. Deny the allegations regarding Answering Defendants contained in paragraph 29 of the Complaint.

30. Deny the allegations regarding Answering Defendants contained in paragraph 30 of the

Complaint except admits C.A. Rarities purchased coins from Plaintiff.

31. Deny the allegations regarding Answering Defendants contained in paragraph 31 of the Complaint.

32. Deny the allegations regarding Answering Defendants contained in paragraph 32 of the Complaint.

33. Deny the allegations regarding Answering Defendants contained in paragraph 33 of the Complaint.

34. Deny the allegations regarding Answering Defendants contained in paragraph 34 of the Complaint.

### ANSWERING PLAINTIFFS' FIRST CAUSE OF ACTION: MAIL AND WIRE FRAUD

35. As to the allegations contained in paragraph 35 of the Complaint, Answering Defendants repeat, reiterate, and re-allege each and every admission and denial previously made.

36. Deny the allegations regarding Answering Defendants contained in paragraph 36 of the Complaint.

37. Deny the allegations contained in paragraph 37 of the Complaint.

38. Deny the allegations contained in paragraph 38 of the Complaint.

39. Deny the allegations contained in paragraph 39 of the Complaint.

40. Deny the allegations contained in paragraph 40 of the Complaint.

### ANSWERING PLAINTIFF'S SECOND CAUSE OF ACTION: VIOLATION OF 18 U.S.C. § 1962(c)

41. As to the allegations contained in paragraph 41 of the Complaint, Answering Defendants repeat, reiterate, and re-allege each and every admission and denial previously made.

42. Deny the allegations contained in paragraph 42 of the Complaint and refer all questions of law to the Court.

43. As to the allegations contained in paragraph 43, Answering Defendants admit Antonelli is a person and refer all questions of law to the Court.

44. Deny the allegations contained in paragraph 44 of the Complaint.

45. Deny the allegations contained in paragraph 45 of the Complaint.

### ANSWERING PLAINTIFF'S THIRD CAUSE OF ACTION: VIOLATION OF 18 U.S.C. § 1962(d) AND CONSPIRACY TO VIOLATE 18 U.S.C. § 1962(c)

46. As to the allegations contained in paragraph 46 of the Complaint, repeat, reiterate, and re-allege each and every admission and denial previously made.

47. Deny the allegations contained in paragraph 47 of the Complaint and refer all questions of law to the Court.

48. As to the allegations contained in paragraph 48, Answering Defendants admit Antonelli is a person and refers all questions of law to the Court.

49. Deny the allegations contained in paragraph 49 of the Complaint.

50. Deny the allegations contained in paragraph 50 of the Complaint.

### ANSWERING PLAINTIFF'S FOURTH CAUSE OF ACTION: FRAUD AND/OR FRAUDULENT CONCEALMENT

51. As to the allegations contained in paragraph 51 of the Complaint, repeat, reiterate, and re-allege each and every admission and denial previously made.

52. Deny the allegations contained in paragraph 52 of the Complaint.

53. Deny the allegations contained in paragraph 53 of the Complaint.

54. Deny the allegations contained in paragraph 54 of the Complaint.

55. Deny the allegations contained in paragraph 55 of the Complaint.

56. Deny the allegations contained in paragraph 56 of the Complaint.

57. Deny the allegations contained in paragraph 57 of the Complaint.

## ANSWERING PLAINTIFF'S FIFTH CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION

58. As to the allegations contained in paragraph 58 of the Complaint, repeat, reiterate, and re-allege each and every admission and denial previously made.

59. Deny the allegations contained in paragraph 59 of the Complaint.

60. Deny the allegations contained in paragraph 60 of the Complaint pertaining to Answering Defendants except admit they did business with Plaintiff.

61. Deny the allegations contained in paragraph 61 of the Complaint.

62. Deny the allegations contained in paragraph 62 of the Complaint.

## ANSWERING PLAINTIFF'S SIXTH CAUSE OF ACTION: NEGLIGENCE

63. As to the allegations contained in paragraph 63 of the Complaint, repeat, reiterate, and re-allege each and every admission and denial previously made.

64. Deny the allegations contained in paragraph 64 of the Complaint.

## ANSWERING PLAINTIFF'S SEVENTH CAUSE OF ACTION: VIOLATIONS OF NEW YORK GENERAL BUSINESS LAW § 349 (DECEPTIVE AND UNFAIR TRADE PRACTICES

64.[2] As to the allegations contained in paragraph 64* of the Complaint, repeat, reiterate, and re-allege each and every admission and denial previously made.

65. Deny the allegations contained in paragraph 65* of the Complaint.

66. Deny the allegations contained in paragraph 66* of the Complaint.

67. Deny the allegations contained in paragraph 67* of the Complaint.

68. Deny the allegations contained in paragraph 68* of the Complaint.

69. Deny the allegations contained in paragraph 69* of the Complaint.

70. Deny the allegations contained in paragraph 70* of the Complaint.

---

[2] Plaintiff's Complaint contains two consecutive paragraphs numbered 64.

71. Deny the allegations contained in paragraph 71* of the Complaint.

### ANSWERING PLAINTIFF'S EIGTH CAUSE OF ACTION: CONSPIRACY

72. As to the allegations contained in paragraph 72 of the Complaint, repeat, reiterate, and re-allege each and every admission and denial previously made.

73. Deny the allegations contained in paragraph 73 of the Complaint.

### ANSWERING PLAINTIFF'S NINTH CAUSE OF ACTION: MONEY HAD AND RECEIVED

74. As to the allegations contained in paragraph 74 of the Complaint, repeat, reiterate, and re-allege each and every admission and denial previously made.

75. Deny the allegations contained in paragraph 75 of the Complaint.

### ANSWERING PLAINTIFF'S TENTH CAUSE OF ACTION: UNJUST ENRICHMENT

64.[3] As to the allegations contained in paragraph 64* of the Complaint, repeat, reiterate, and re-allege each and every admission and denial previously made.

65. Deny the allegations contained in paragraph 65* of the Complaint.

### ANSWERING PLAINTIFF'S ELEVENTH CAUSE OF ACTION: CONVERSION

64.[4] As to the allegations contained in paragraph 64* of the Complaint, repeat, reiterate, and re-allege each and every admission and denial previously made.

65. Deny the allegations contained in paragraph 65* of the Complaint.

66. Deny the allegations contained in paragraph 66* of the Complaint.

67. Deny the allegations contained in paragraph 67* of the Complaint.

68. Deny the allegations contained in paragraph 68* of the Complaint.

69. Deny the allegations contained in paragraph 69* of the Complaint.

---

[3] From this point forward the paragraphs of the Complaint are marked 64, et seq. for the third time.
[4] From this point forward the paragraphs of the Complaint are marked 64, et seq. for the fourth time.

70. Deny the allegations contained in paragraph 70* of the Complaint.

71. Deny the allegations contained in paragraph 71* of the Complaint.

72. Deny the allegations contained in paragraph 72* of the Complaint.

### ANSWERING PLAINTIFF'S CLAIM THAT THE STATUTES OF LIMITIATIONS HAVE BEEN TOLLED: EQUITABLE ESTOPPEL AND EQUITABLE TOLLING

73. As to the allegations contained in paragraph 73* of the Complaint, repeat, reiterate, and re-allege each and every admission and denial previously made.

74. Deny the allegations contained in paragraph 74* of the Complaint.

75. Deny the allegations contained in paragraph 75* of the Complaint.

### ANSWERING PLAINTIFF'S CLAIM: RESPONDEAT SUPERIOR

76. As to the allegations contained in paragraph 76 of the Complaint, repeat, reiterate, and re-allege each and every admission and denial previously made.

77. Deny the allegations contained in paragraph 77 of the Complaint.

### ANSWERING PLAINTIFFS DEMAND FOR RELIEF

78. As to the allegations contained in paragraph 78 of the Complaint, repeat, reiterate, and re-allege each and every admission and denial previously made.

79. Deny the allegations contained in paragraph 79 of the Complaint.

80. Deny the allegations contained in paragraph 80 of the Complaint.

81. Deny the allegations contained in paragraph 81 of the Complaint.

82. Deny the allegations contained in paragraph 82 of the Complaint.

83. Deny the allegations contained in paragraph 83 of the Complaint.

84. Deny the allegations contained in paragraph 84 of the Complaint.

### AS AND FOR A RESPONSE TO THE JURY DEMAND

85. Deny the allegations contained in the paragraph immediately following the subheading "Jury Demand".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

86. The Complaint fails to state a cause of action against Answering Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

87. The actions taken by Answering Defendants were made in good faith, without malice and in conformity with all applicable laws.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

88. All or part of Plaintiff's claims are barred by the doctrine of res judicata, collateral estoppel, and/or unclean hands.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

89. Any reliance by Plaintiff was unreasonable as a matter of law.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

90. All or part of Plaintiff's claims are barred by the doctrine of laches.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

91. The Complaint fails to state a cause of action as it fails to properly allege all requisite elements of a RICO conspiracy under 18 USC § 1962(c).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

92. Plaintiff has failed to meet statutory and/or legal conditions precedent to bring some or all the allegations contained in the Complaint.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

93. Some or all of Plaintiff's allegations are barred by the statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

94. All or part of Plaintiff's claims are barred by the doctrines of waiver and/or release apply.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

95. Plaintiff has not been harmed by any act or omission by Answering Defendants.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

96. Plaintiff's damages, if any, are subject to set-off and recoupment.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

97. Plaintiff's claims are barred due to failure to exhaust administrative remedies.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

98. Plaintiff has failed to plead fraud with requisite particularity pursuant to FRCP 9b.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

99. Plaintiff cannot show justifiable reliance for an unjust enrichment.

## JURY DEMAND

100. Pursuant to FRCP 38(b), Answering Defendants demand a trial by jury.

**WHEREFORE,** Answering Defendants demand judgment dismissing Plaintiff's Complaint in its entirety and granting them all other appropriate relief including but not limited to an award of the costs and disbursements of this action as well as the attorney's fees incurred in the defense of this action.

Dated: April 11, 2023
      Garden City, New York

.

                              **THE RUSSELL FRIEDMAN LAW GROUP, LLP**
                              *Attorneys for C.A. Rarities, Inc. d/b/a/ Tri-State Assets*
                              *i/s/a Tri-State Assets, LLC and Christian Antonelli*

                              /s/*Neil Flynn*
                              By: Neil Flynn
                              400 Garden City Plaza, Suite 500
                              Garden City, New York 11530
                              Ph: 516.355.9696
                              nflynn@rfriedmanlaw.com