# PIANA & GIOE, LLC
## Attorneys at Law

September 13, 2023

Magistrate Judge James M. Wicks
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    Van Gundy v. Antonelli et al, Case No.: 23-cv-02072 (GRB) (JMW)
            Opposition to Plaintiff's motion to reconsider (DE 57)

Dear Judge Wicks:

Defendants Christian Antonelli, Atlas Rare Coins, Inc., and C.A. Rarities, Inc., (the Antonelli Defendants) respectfully submit this letter in opposition to plaintiff Beverly Van Gundy's (Plaintiff) motion to reconsider (DE 57) this Court's Order dated September 12, 2023 that granted the Antonelli Defendants' motion for an enlargement of time in which to serve responses to Plaintiff's demands to produce documents. (DE 56) Plaintiff's motion should be denied for the reasons set forth below.

In their motion for an extension of time the Antonelli Defendants' previous counsel, Mr. Neil Flynn, represented to the Court that his inability to comply with the discovery schedule was due to a lengthy illness he suffered, and the resulting disruption to his practice. (DE 56 ¶3). Plaintiff does not challenge Mr. Flynn's assertion that he was ill.

Plaintiff does not identify any fact or controlling decision that was put before the Court that the Court overlooked. (DE 57 ¶1). The genuineness of Mr. Flynn's illness, which formed the basis of the request, was not contested. Rather, Plaintiff appears to argue that the extension is unnecessary. In making this assertion, Plaintiff points to the estimate given by Mr. Flynn in response to a question from the Court as to the volume of responsive documents, in which Mr. Flynn estimated that production would be less than one hundred pages. (DE 57 p. 7, l. 3-5). Because of this, Plaintiff contends that the Antonelli Defendants' production could be hastily prepared. To the contrary, in the short time that the undersigned has been engaged, it appears that Mr. Flynn's previous estimate was lower than the actual volume of responsive documents.

It is noteworthy that Plaintiff does not appear to challenge the extension of time given to the Antonelli Defendants to make their own demands, only that time in which the Court gave the Antonelli Defendants to respond to Plaintiffs demands. But if there was a genuine dispute as to the Court's basis for granting the extension, then it would apply to both discovery processes. As such, it can be reasonably inferred that Plaintiff is simply dissatisfied with the extension given to produce documents, rather than disputing the basis upon which the Court granted the extension.

Plaintiff cites one case, wherein this Court previously denied a motion to reconsider. (*Volpe v. Ryder*, No. 19-CV-2236 (JMA)(JMW). In *Volpe* this Court stated "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the

moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *id.* at 1, quoting *Shrader v. CSX Transp. Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). Plaintiff's only cited authority runs contrary to the central argument she asserts.

Simply, Plaintiff has not satisfied the high bar for the Court to grant her motion to reconsider. However, in the interest of advancing the case, the undersigned contacted Plaintiff's attorneys today in an effort to conference in good faith. In said conference the undersigned indicated to Plaintiff's attorneys that it was the intention of the Antonelli Defendants to expedite the responses to Plaintiff's demands and to serve their demands upon Plaintiffs. The undersigned suggested a compromised schedule that would allow some exchange of materials in time to be useful for the upcoming settlement conference. The Antonelli Defendants have every intention of making good on those assertions despite there being no basis to disturb this Court's previous Order granting the Antonelli Defendants' request for an extension. In this regard, it would be impossible for the undersigned to collect and produce a complete production responsive to Plaintiff's one hundred and three distinct demands, in two days' time.

For the reasons set forth herein, Plaintiff's motion to reconsider should be denied.

                                                      Respectfully Submitted,

                                                      /s
                                                  Jack Piana
                                                  Piana & Gioe, LLC