UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BEVERLY VAN GUNDY,

                Plaintiff,

                              **ORDER**

        -against-                      23-CV-2072 (NJC) (JMW)

ATLAS RARE COINS, INC. *et al*,

                Defendants,
-------------------------------------------------------------------X

**A P P E A R A N C E S:**

Kenneth G. Walsh, Esq.
**Law Office of Kenneth G. Walsh**
59 Kensico Road, Suite 7
Thornwood, NY 10594
*Attorney for Plaintiff*

Raymond Lyn Stevens, Esq.
**Stevens Law Firm**
40540 Hwy 46 West, Suite 115-420
Spring Branch, TX 78133
*Attorney for Plaintiff*

Jack Piana, Esq.
**Piana & Gioe**
1200 Veterans Memorial Highway 360
Hauppauge, NY 11788
*Attorney for Defendants Atlas Rare Coins, Inc., Christian Antonelli, and C.A. Rarities, Inc.*

**WICKS,** Magistrate Judge:

      "Whatever salience the adage 'third time's a charm' has in daily life, it is a poor" maxim for a motion to compel, *see South Dakota v. Wayfair, Inc.,* 138 S. Ct. 2080, 2102 (2018) (Roberts, C.J., dissenting), and whomever said it "was apparently unfamiliar with the history of this case." *United States v. Livesay,* 587 F.3d 1274, 1276 (11th Cir. 2009). For the reasons set forth below, this latest of the tripartite motions to compel, is denied.

1

## BACKGROUND

Plaintiff Beverly Van Gundy commenced this action on March 17, 2023 alleging that she was sold collectible coins by Christian Antonelli, Atlas Rare Coins, Inc., C.A. Rarities, Inc., Tri-State Assets, LLC (collectively "Defendants"). These coins, she says, were above fair market value and were presented as a high reward/low-risk investment. (ECF No. 37 ¶ 4.) She is an 80-year old widow who claims to have made over ninety (90) coin purchases from Defendants. (ECF No. 37 ¶ 27.) She avers that Defendant Antonelli[1] worked with Jason Sullivan[2], both principals and representatives of Atlas Collectibles and Atlas Coins, to employ various schemes to convince her to purchase coins by "falsely claiming the purchases were 'investments' at 'dealers' cost' with a substantial likelihood of a high rate of return." (*Id.* at ¶ 4.)

According to Plaintiff, Defendants' sales practices included misrepresenting: (1) the high reward/low-risk safe investments; (2) the availability of the "rare" coins; (3) the value of the coins; and (4) Defendants' experience and qualifications in the industry. (*Id.* ¶ 25.) She relied on this information and subsequently depleted much of her life savings. (*Id.* ¶ 4.) She alleges that Defendants defrauded her twice: first through the coin sales and then through conversion of the coins and failure to pay her for them (*id.* ¶¶ 2, 29), with a total alleged loss of $311,005.19 as a result of the first fraud. (*Id.* ¶ 44.) As for the second fraud, Defendants encouraged Plaintiff to sell her purchased coins at an auction to receive a profit. (*Id.*) However, when Plaintiff spoke with Antonelli, she learned that he never sent the coins to auction. (*Id.* ¶ 7.) He only returned a fraction of her coins, leaving her with a loss of $371,983.40. (*Id.*)

---

[1] From November 2020 to July 2021, Christian Antonelli was the principal and owner of Atlas Coins and CARI Atlas or C.A. Rarities Inc. (d/b/a Atlas Rare Coins, Tri-State Assets, Tri State Assets, Inc.). (ECF No. 37 ¶ 30.)

[2] Jason Sullivan was previously a named Defendant, but the matter is resolved as to him and Plaintiff and Sullivan is no longer a party to this action. (*See* Electronic Order dated Nov. 7, 2023.)

2

**PROCEEDINGS TO DATE**

Plaintiff commenced this action in March 2023 and filed a second amended complaint (ECF No. 37) on July 21, 2023. She asserts a bevy of claims against Defendants, including, *inter alia*, fraud and/or fraudulent concealment; negligent misrepresentation; violations of New York Gen. Bus. Law § 349; conspiracy; and unjust enrichment. (*Id.* ¶¶ 45-72.)

At a status conference on July 7, 2023, the Court stated that Rule 26 disclosures must be completed by August 11, 2023. (ECF No. 35.) One month later at the August 14, 2023 status conference, the Court ordered discovery demands, including document demands and interrogatories, to be served by September 11, 2023. (ECF No. 47.) And on September 10, 2023, the deadline for Defendant's discovery demands and responses to Plaintiff's demands was extended to September 30, 2023. (*See* Electronic Order dated Sept. 10, 2023.)

On October 31, 2023, Plaintiff filed her first motion to compel (ECF No. 63) to which Defendants opposed (ECF No. 65.) The Court denied the motion and instead directed the parties to proceed with depositions and ordered Plaintiff's counsel to explore Defendants' document search efforts during those depositions. (*See* Electronic Order dated Nov. 6. 2023.) Shortly after, Plaintiff filed a motion for reconsideration (ECF No. 66), which was denied for Plaintiff's counsel's failure to raise controlling decisions or data that the Court overlooked in denying the original motion. (Electronic Order dated Nov. 9, 2023.) The parties were directed to meet and confer as to whether extensions to the discovery schedule was needed. (*Id.*)

The parties made such a request and the Court again extended the discovery schedule, adopting new deadlines, including the completion of depositions by January 31, 2024 and completion of all discovery, including experts, by March 29, 2024. (*See* Electronic Order dated Nov. 18, 2023.)

3

Plaintiff's counsel has filed his third iteration of the motion to compel. (ECF No. 68.) This time, Plaintiff's counsel requests that the Court compel Defendants to produce responsive documents to several of Plaintiff's document demands as result of Defendants' failure to produce responsive material. Plaintiff's counsel emphasizes that the documents are relevant to the New York consumer laws claims.

Defendants state, however, that Plaintiff's counsel has not complied with the Court's prior Order to proceed with depositions and merely attempts to relitigate issues that were previously decided. (ECF No. 69.) Counsel also states that he has responded to each of Plaintiff's counsel's demands and Plaintiff's counsel even has some of the very information he is requesting. (*Id.*)

## DISCUSSION

It is worthy to note at the outset that Defendants' counsel is not arguing in his opposition that the information requested is irrelevant, nor does he state that the requests are overbroad or burdensome.[3] (*See* ECF No. 69); *see also* Fed. R. Civ. P. 26(b)(1) (noting that parties can obtain relevant nonprivileged information that is relevant to claims or defenses and "proportional to the needs of the case"). Instead, he argues that the motion should be denied on different grounds; namely because Plaintiff's counsel (1) has information related to his demand requesting complaints from consumers that were defrauded by the Defendants and (2) has already demanded the instant relief from the Court, namely for Defendants to produce responsive documents to his numerous demands. (ECF No. 69; *see also* ECF No. 63.)

Here, Plaintiff's counsel has wholly failed to adhere to the Court's prior order denying his motion to compel and directing the parties to engage in depositions.

---

[3] The Court notes, however, that these objections are made in response to Plaintiff's demand. (*See* ECF No. 68-2.)

4

| | | |
|---|---|---|
| 11/06/2023 | | ORDER denying ECF No. 63 Motion to Compel. Parties are directed to proceed with depositions and Plaintiff's counsel shall explore Defendants' document search efforts referenced in ECF No. 65 during the respective depositions. Accordingly, the status conference scheduled for November 15, 2023 is hereby CANCELLED and Defendants' deposition shall be taken by **November 24, 2023**. Further, all fact discovery, including depositions, shall be completed on or before **December 15, 2023**. So Ordered by Magistrate Judge James M. Wicks on 11/6/2023. (DF) (Entered: 11/06/2023) |

(Electronic Order dated Nov. 6, 2023.) Defendants' counsel has reported that, to date, Defendants' depositions have not been scheduled despite Plaintiff's counsel's eagerness to complete discovery and obtain the information. (ECF No. 69.) Had counsel proceeded with depositions as ordered, he could potentially clarify the missing information with respect to the documents he now requests. In addition, Plaintiff's motion comes just *two days* after counsels' meet and confer on December 5, 2023. (*Id.*) Thus, Plaintiff's counsel prematurely filed his motion and did not give Defendants' counsel a proper opportunity to respond to the questions raised at the December 5 meeting.

Finally, Plaintiff's counsel appears to accuse Defendant's counsel of withholding information. However, counsel cites and quotes to documents already in his possession, namely the complaint from *Neblett*. *See* Complaint, *Steven Neblett v. C.A. Rarities, Inc. (d/b/a Tri-State Assets) and Christian Antonelli*, No. 621585/2023 (Sup. Ct. Suff. Cty. Aug. 29, 2023); (ECF No. 68 at 2 n.5.) To the extent that Plaintiff's counsel seeks information from Defendant that he already has, counsel is directed to "exclude such documents from any future document request." *See Vann v. Fischer*, 09-CV-385 (HBS), 2010 U.S. Dist. LEXIS 7251, at *6 (W.D.N.Y. Jan. 28, 2010) (denying motion to compel where plaintiff had many of the documents already in his possession).

Because there is no indication that Defendant's counsel has been intentionally withholding documents from Plaintiff's counsel coupled with the reasons stated above, the Court hereby denies Plaintiff's motion. The Court also cautions counsel to refrain from *ad hominem* attacks in papers,  see *Ransmeier v. Mariani*, 718 F.3d 64 (2d Cir. 2013) (ordering counsel to show cause why sanctions should not be imposed for "escalating series of *ad hominem* attacks on opposing counsel"), which adds nothing whatsoever to persuade the Court in ruling on motions.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to compel (ECF No. 68) is denied. Plaintiff's counsel is directed to proceed with depositions which are to be completed by **January 31, 2024.**  (*See* Electronic Order dated Nov. 18, 2023.)  If Plaintiff does not receive the necessary information after deposing Defendants, Plaintiff may renew the motion to compel to produce the requested material.

Dated: Central Islip, New York
December 13, 2023

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

6