UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
BEVERLY VAN GUNDY,

                        Plaintiff,

            -against-                           **ORDER**
                                        23-CV-2072 (NJC) (JMW)

ATLAS RARE COINS, INC. *et al.*,

                       Defendants.
---------------------------------------------------------------------X

**WICKS**, Magistrate Judge:

      The discovery deadline – extended throughout the course of this litigation – is now August 16, 2024. (*See* Electronic Order dated July 26, 2024.) On the eve of this cut-off, Defendants move to compel Plaintiff to produce a variety of discovery (ECF No. 121). In turn, Plaintiff moves to compel as well (ECF No. 123). Both motions are strenuously opposed (*see* ECF Nos. 122 and 129). Having carefully considered the submissions of the parties,[1] the motions are decided as follows:

    A. **Defendants' Motion to Compel (ECF No. 121) and Plaintiff's Opposition (ECF No. 122)**

      Defendants argue that Plaintiff has failed to produce "vital information and documents" although Mr. Antonelli has requested such information many times, which "hinders Defendants' ability to mount a proper defense." (ECF No. 121 at 1.) *First*, Defendants request the online auction platform accounts and the online coin pricing, which was originally requested in September 2023 interrogatories. Plaintiff's counsel allegedly stated he would produce the requested documents at Plaintiff's deposition. (*Id*.) Defendants state the information is vital because prior to Plaintiff's deposition, she had confirmed that she did not have any accounts "such as PCGS or NGC" but her deposition testimony indicated otherwise. (*Id*.) This means that there may be a discrepancy in the number of coins Plaintiff claims she sold. (*Id*. at 2.) Specifically, testimony showed that Plaintiff "looked up every coin she ever purchased and checked

---

[1] Defendant Antonelli appears *pro se*.

pricing" and "was also heavily involved in other collectibles and bought and sold them through eBay herself." (*Id*. at 1.)  She claims to not have had an eBay account but the username produced shows that she purchased and sold "over 585" items as of July 15, 2024.  Plaintiff's counsel currently denies the existence of such requested information.  (*Id*. at 2.)

*Second*, it is claimed that Plaintiff has allegedly shredded documents that her counsel used to make the complaint which contained statements that Mr. Antonelli purportedly made to Plaintiff regarding sales tactics.  (ECF No. 121 at 2.)  Plaintiff's counsel states the shredded documents have since been recovered, but to date, Plaintiff has not provided them to Defendants.  (*Id*.)

*Finally* and similarly, Plaintiff has failed to produced text conversations between (1) Jason Sullivan—a former Defendant—and Plaintiff, and (2) Plaintiff's attorney and Mr. Antonelli's neighbor.  (ECF No. 121 at 2.)  Defendants have allegedly requested this information many times but to no avail.  (*Id*.)  Defendants state this information could demonstrate the wrongfulness of the allegations against Defendants and the actions Plaintiff has taken, calling Plaintiff's honesty into question.  (*Id*.)

Plaintiff opposes Defendants' motion stating that Antonelli never made a good faith effort to meet and confer.  Plaintiff states that the information in Defendants' motion is false, as she has produced all relevant information including her eBay account information which consists of selling Disney collectibles, not coins as in this case.  (ECF No. 122 at 1.)  As to the shredded document, Plaintiff stated at her deposition that she "discarded a potentially relevant document" but the same document was given to Defendants approximately two weeks after the deposition.  (*Id*.)  Plaintiff states that text messages between Sullivan and Plaintiff do not exist and have produced all relevant responsive documents to date.  (*Id*. at 1.)

*Separately*, Plaintiff argues that Antonelli as a *pro se* cannot represent the entity.  She states that Antonelli, not Plaintiff, has sandbagged Plaintiff with over 1,000 files close to the conclusion of discovery and has failed to comply with discovery obligations in the past.  (ECF No. 122 at 2.)  Counsel requests a status conference to flesh out these discovery issues.  (*Id*.)

The motion to compel filed at ECF No. 121 is granted in part and denied in part.

2

- *First* **Request—eBay records**: The application as to the eBay records is granted. Plaintiff is directed to produce these records since they go to the heart of the issue of the number of coins she claims she sold.

- *Second* **Request—the Shredded Documents:** Given that Plaintiff's counsel has provided the document to Antonelli's former counsel and Antonelli may not have received it, Plaintiff's counsel is directed to provide Antonelli directly with a copy of the recovered document.

- *Third* **Request—Text Messages**: Antonelli has abandoned his claim for texts between Walsh and the neighbor. (*See* ECF No. 129 at 3.) However, as to the texts with Sullivan and Plaintiff, to the extent such communications do not exist, Plaintiff —not counsel—must provide a sworn affidavit describing search efforts and what was yielded.

- Finally, Antonelli is reminded that the corporate Defendants cannot appear *pro se* or otherwise be represented by Antonelli. *See Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (a layperson may not represent a corporation). If the corporations do not appear through counsel, default judgments could result as to those.

B. **Plaintiff's Motion to Compel (ECF No. 123) and Defendants' Opposition (ECF No. 129)**

The parties met and conferred prior to the filing of this motion and Antonelli stated he would produce the responsive documents but has yet to do so. (ECF No. 123 at 1.) Plaintiff states that the Antonelli Defendants have merely produced 346 pages of information and sandbagged Plaintiff with over 1,000 files on July 22, 2024 when the close of discovery was July 26, 2024. (*Id*. at 2.) The requested documents include those regarding the *number and value* of coins shipped to Antonelli, and documents from the Better Business Bureau and complaints against the Antonelli Defendants. (*Id*.) As a result, Plaintiff requests the following responses from the First Request for Production of Documents dated August 16, 2023 which sought:

  - "All documents or recordings in your possession or subject to your control relating to Plaintiff" (Request No. 1)

- o "Any documents or materials concerning the valuation of the coins received from Plaintiff in September/October 2021" (Request No. 4)

- o "Copies of all invoices prepared or created by the Defendants for the sale of the coins to third parties (e.g., wholesalers) for the coins that were received from the Plaintiff in September/October 2021" (Request No. 15)

- o "Any complaints of all lawsuits and all settlement agreements with customers" (Requests Nos. 54 and 55)

- o Bank statements of Defendants (Request No. 103)

To date, no responsive documents were produced for requests 54 and 55 although the Antonelli Defendants settled a case during the pendency of this case. (ECF No. 123 at 2.) Plaintiff alleges that aside from a single heavily redacted page showing one sale to Florida Coin Exchange, LLC, no other bank documents have been produced for request 103. (*Id*.) And, as to the Third Request for Production dated January 31, 2024, Plaintiff requested: Documents concerning the liquidation of Plaintiff's coins. (ECF No. 123 at 2-3.) Plaintiff states responsive documents exist as Defendants were selling Plaintiff's coins to wholesalers and that Bruckner testified that Antonelli attempted to sell Plaintiff's coins in the summer of 2022. (*Id*. at 3.)

As to the categories of documents that Plaintiff claims are needed—she requests ShipRush account[2] documents and bank records. There are at least 5 boxes that exist, but Defendants claim they no longer have access to these records. (ECF No. 123 at 3.) Plaintiff claims bank records will demonstrate whether Defendants were paid for the 2,000 coins that Plaintiff sent him in September 2021. (*Id*.) Such documents are within the Defendants' control and can answer questions as to how many coins he received from Plaintiff in 2021 and their values. (*Id*.)

Defendant opposes, but his opposition reads more like a reply to Plaintiff's opposition filed at ECF No. 122. Defendant asks that the court reject the motion given Plaintiff's failure to demonstrate Defendants' noncompliance with discovery demands. (*Id*. at 4.) Antonelli expresses extreme skepticism

---

[2] "ShipRush is an online shipping platform which the Antonelli Defendants used. The ShipRush account will tell [Plaintiff] how many boxes the defendants received from Mrs. Van Gundy in September 2021. That is how Mr. Antonelli paid for FedEx and UPS shipments, including those Mrs. Van Gundy shipped from California to him." (ECF No. 123 at 3.)

4

about the allegedly "shredded" document which does not appear shredded at all and was turned over months later in this proceeding. (*Id*. at 1.) Further, during Plaintiff's deposition, she was asked a series of leading questions which caused her to be uncertain and doubtful as to whether she even shredded it. (*Id*.) Importantly, at the bottom of the produced page, it says "page 1," insinuating that there are more pages to this note. (*Id*. at 3-4.)

As to the ShipRush information, Antonelli asserts he has explored "every conceivable avenue" which included reaching out to ShipRush to access relevant data but he has "hit a roadblock." (ECF No. 129 at 2.) He further states that he "regret[s]" having sent Mr. Walsh over 1,000 documents as the submission included matters even unrelated to Plaintiff. (*Id*. at 3.) He also states he will postpone addressing the relevance of the materials related to his neighbor at this time. (*Id*.)

Finally, Antonelli states that the delay in providing the eBay information leads to the inference that evidence is being altered and that Plaintiff has also failed to provide usernames associated with PCGS and NGC which could "reveal the timeline of Plaintiff's account(s) creation, inventory of coins, and the extensive documentation of scanned coins during the initial phase of this case." (ECF No. 129 at 3.) Plaintiff's motion to compel is decided as follows:

- **Bank records** and **ShipRush account documents** shall be produced by Antonelli, as they can be used to answer the core question—the number of coins Plaintiff turned over and Antonelli subsequently converted. To the extent that Antonelli has turned over all responsive information or made diligent searches to retrieve the ShipRush information, he shall provide an affidavit detailing search efforts and what was yielded.
- **Any other documents (including invoices from third parties) relating to the valuation or liquidation of Plaintiff's coins** shall be produced by Antonelli since the number and value of coins are the key issues remaining.
- The remaining branches of the motion are denied since those remaining items are equally within Plaintiff's possession (settlement agreements/lawsuits, recordings with Plaintiff). *See SEC v. Strauss,* 09 Civ. 4150 (RMB)(HBP, 2009 U.S. Dist. LEXIS 101227, at *31 (S.D.N.Y. Oct. 28,

2009) ("Courts have declined to compel production of documents in the hands of one party when the material is equally available to the other party from another source."); *Hart v. Suffolk Cnty.,* 17-CV-05067 (LGD), 2023 U.S. Dist. LEXIS 156551, at *18-19 (E.D.N.Y. Sept. 5, 2023) ("[I]t is well-established that discovery need not be required of documents of public record which are equally accessible to all parties.") (internal citations omitted).

## CONCLUSION

The motions to compel filed at ECF Nos. 121 and 123 are granted in part and denied in part as set forth above. The foregoing documents and affidavits shall be produced to Antonelli and Plaintiff on or before **August 12, 2024.**

Dated: Central Islip, New York
       August 5, 2024

                           **SO ORDERED:**

                           */S/ James M. Wicks*
                          UNITED STATE MAGISTRATE JUDGE
                          Eastern District of New York